IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CT-3032-D

| | | |
|---|---|---|
| MALIK AL-SHABAZZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WARDEN T. SCARANTINO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On February 5, 2024, Malik Al-Shabazz ("Al-Shabazz" or "plaintiff"), a federal inmate proceeding pro se, filed a writ of mandamus seeking his release from prison through a recalculation of his recidivism risk score under the First Step Act [D.E. 1]. Citing 28 U.S.C. § 1361, Al-Shabazz argues that his case manager "hasn't and continues not to perform her duties as required by an officer of the United States" by failing to reduce his First Step Act recidivism risk assessment score in accordance with the number of programs he has completed. See id. at 1. On March 25, 2024, Al-Shabazz moved for leave to proceed in forma pauperis [D.E. 4], immediate release [D.E. 5, 6], and access to the law library [D.E. 7]. As explained below, the court dismisses the petition and denies the pending motions as moot.

Granting a writ of mandamus is a "drastic" remedy "to be invoked only in extraordinary situations." Kerr v. U.S. Dist. Ct. for N. Dist. of Cal., 426 U.S. 394, 402 (1976); see Cumberland Cnty. Hosp. Sys., Inc. v. Burwell, 816 F.3d 48, 52 (4th Cir. 2016); United States v. Moussaoui, 333 F.3d 509, 516 (4th Cir. 2003); In re Beard, 811 F.2d 818, 826 (4th Cir. 1987). "The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means

to attain the relief he desires and that his right to such relief is clear and indisputable." In re Beard, 811 F.2d at 826 (quotations omitted); see Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980) (per curiam). The defendant must owe the plaintiff "a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984); see Simmat v. U.S. Bureau of Prisons, 413 F.3d 1225, 1234 (10th Cir. 2005). Even if a plaintiff makes the requisite showing, the decision to issue a writ of mandamus is largely a matter within the district court's discretion. See Kerr, 426 U.S. at 403.

Calculating Al-Shabazz's recidivism risk score "is solely within the discretion of the BOP." Doran v. FCI-Herlong, No. 2:22-CV-2040, 2023 WL 6314241, at *3 (E.D. Cal. Sept. 28, 2023) (unpublished); see, e.g., Hicks v. Heckard, No. 5:23-CV-581, 2024 WL 833190, at *6 (S.D.W. Va. Feb. 1, 2024) (unpublished), report and recommendation adopted, 2024 WL 818472 (S.D.W. Va. Feb. 27, 2024) (unpublished); Newell v. Fikes, No. 2:22-CV-53, 2023 WL 2543092, at *2–3 (S.D. Ga. Feb. 21, 2023) (unpublished), report and recommendation adopted, 2023 WL 2541126 (S.D. Ga. Mar. 16, 2023) (unpublished). Moreover, Al-Shabazz has not shown that he has no other adequate means to attain the relief he desires. Furthermore, he may apply to the warden for relief pursuant to 18 U.S.C. § 3624(g)(1)(D)(i)(II), exhaust administrative remedies if dissatisfied, and then file a habeas petition under 28 U.S.C. § 2241. See, e.g., Benson v. Carter, No. CV 23-2326, 2024 WL 415345, at *2 (D. Md. Feb. 5, 2024) (unpublished); Hicks, 2024 WL 833190, at *3; King v. Joseph, Civ. No. 2:23-1847, 2023 WL 6626630, at *3 (D.S.C. Sept. 14, 2023) (unpublished), report and recommendation adopted, 2023 WL 6626160 (D.S.C. Oct. 11, 2023) (unpublished); Nolan v. Edge, No. 2:23-CV-70, 2023 WL 6450489, at *2 (E.D. Ark. June 8, 2023) (unpublished), report and recommendation adopted, 2023 WL 6447308 (E.D. Ark. Oct. 3, 2023) (unpublished); Broadfield v. Garland, No. 3:22-CV-301, 2022 WL 1651460, at *3 (N.D. Tex. Feb. 9, 2022), report

2

and recommendation adopted, 2022 WL 1642468 (N.D. Tex. May 24, 2022) (unpublished); Bains v. Quay, No. 3:21-CV-353, 2021 WL 5343485, at *3 n.9 (M.D. Pa. Oct. 27, 2021) (unpublished), report and recommendation adopted, 2021 WL 5330841 (M.D. Pa. Nov. 16, 2021) (unpublished). Accordingly, Al-Shabazz is not entitled to mandamus relief. Because Al-Shabazz is not entitled to mandamus relief, the court declines to decide whether he may proceed in forma pauperis. Cf. Littlejohn v. Dir., Fed. Bureau of Investigation, No. 21-13542, 2023 WL 2300945, at *2 (11th Cir. Mar. 1, 2023) (per curiam) (unpublished); Jones v. Behe, No. CV 17-2139, 2017 WL 5624246, at *1 (3d Cir. Sept. 21, 2017) (unpublished).

In sum, the court DENIES petitioner's writ of mandamus [D.E. 1] and DENIES AS MOOT the pending motions [D.E. 4-7]. The clerk shall close the case.

SO ORDERED. This 29 day of April, 2024.

JAMES C. DEVER III
United States District Judge